UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

EDWARD H. FLINT,                                                    Plaintiff,

v.                                            Civil Action No. 3:15-cv-351-DJH

BARRY WILLETT, et al.,                                          Defendants.

* * * * *

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court upon a motion to dismiss (Docket No. 5) and a motion for

sanctions (DN 6) filed by Defendants Judge Barry Willett, Master Commissioner Edith F.

Halbleib, and Deputy Master Commissioner Bryan Schaefer, and a motion to dismiss (DN 7)

filed by Defendant Chris J. Gadansky, a private attorney.   Fully briefed, these motions are ripe

for decision.  For the following reasons, the motions will be granted.

### I. SUMMARY OF COMPLAINT

The Court first notes that Plaintiff has a long history of filing lawsuits against members

of the judiciary in this Court.  Indeed, since 2009, Plaintiff has filed more than 15 lawsuits

against state or federal judges.  Each of these lawsuits has been dismissed.

In this action, Plaintiff brings suit against a state judge, a master commissioner, a deputy

master commissioner, and a private attorney who represented a party he has filed a lawsuit

against in state court.  In his complaint, Plaintiff alleges Defendants Judge Willett,  Master

Commissioner Schaefer, and Halbleib should have recused themselves from "the case . . .

because of their hatred for Plaintiff" and that Defendant Gadansky, counsel for the opposing

party in the proceeding, conspired with the other Defendants "to discriminate against [him]."

Plaintiff further alleges that Defendants deprived Plaintiff of a trial by jury because of their

1

hatred of him; issued orders when the case was not in their jurisdiction; and "stooped so low as to illegally put [Plaintiff] in jail 'to get even with him for suing corrupt judges.'"  He claims that Defendants "detested him, because [he] had sued a number of Jefferson County judges, for being corrupt and for violating the United States and Kentucky Constitutions, Kentucky and Federal statutes and Court rules."  He further claims that Defendants "took away Plaintiff's civil rights because of the [their] odium for Plaintiff."  Based on these allegations, Plaintiff claims that Defendants violated several federal statutes which protect his civil rights, as well as the "Federal and Kentucky Rules of Civil Procedure."

As relief, Plaintiff seeks Defendant Willett's resignation as a judge and his disbarment; Defendant Gadansky's disbarment; "the maximum sentence on each Defendant that the law allows;" and that "any and all retirement benefits from the State of Kentucky that may be due to any Defendant is taken away from them forever."

## II. LEGAL STANDARD

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint.  A defendant may move to dismiss a claim or case because the complaint fails to "state a claim upon which relief can be granted."  Fed R. Civ. P. 12(b)(6).  When considering a Rule 12(b)(6) motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff and must accept as true all well-pleaded factual allegations contained within it.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citations omitted).  Instead, the

2

plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).  A complaint should contain enough facts "to state a claim to relief that is plausible on its face." *Id.* at 570.  A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Although the Court must view the complaint in the light most favorable to the plaintiff and take all well-pleaded factual allegations as true, the Court "need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  In other words, a complaint will not survive if it "tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks and alterations omitted).  Moreover, the Court "need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice." *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 405-06 (S.D.N.Y. 2001); *see also Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006) (stating a district court need not accept "unwarranted factual inferences" as true).

In addition, federal courts hold *pro se* pleadings to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  However, "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d

16, 19 (1st Cir. 1979) (citation omitted).  Accordingly, this Court is not required "to explore exhaustively all potential claims of a *pro se* plaintiff," as this would "transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

### A.  Defendants' Motions to Dismiss

In their brief in support of their motion to dismiss, Defendants Willett, Schaefer, and Halbleib first note that this action is one of several that Plaintiff has filed against members of the Kentucky judiciary.  These Defendants correctly point out that it seems that each time Plaintiff receives an adverse ruling in one of his state-court actions, he files a federal lawsuit against the judge who made the ruling.  These Defendants make several compelling arguments in support of their motion to dismiss, including that Plaintiff's complaint fails to state a claim upon which relief may be granted; that Plaintiff's claims are barred by sovereign immunity; that Plaintiff's claims against Judge Willett are barred by judicial immunity; and that Plaintiff's claims against Master Commissioner Halbleib and Deputy Master Commissioner Schaefer are barred by judicial and quasi-judicial immunity.  In addition, in support of his separate motion to dismiss, Defendant Gadansky argues that that Plaintiff's complaint should be dismissed based upon the *Rooker-Feldman* or *Younger* abstention doctrines and for failure to state a claim upon which relief may be granted.

Although all of Defendants arguments may have merit, the Court will dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted.  Plaintiff's complaint contains only bare-boned factual allegations, devoid of any specificity or particularity.  His

complaint fails to provide any dates or context for his allegations and often lumps all Defendants together without specifying what each Defendant has done to violate his rights.  *See, e.g.*, *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002).  The Court also notes that although Plaintiff alleges in his complaint that the Defendants "stooped so low as to illegally have [him] put in jail," in his responsive brief, he acknowledges that he was never actually sent to jail.

In addition to Plaintiff's insufficient and conflicting allegations, Plaintiff has failed to cite a federal law under which he would be entitled to relief.  Plaintiff's claims under 18 U.S.C. § 241 and 18 U.S.C. § 242 fail because they are criminal statutes that do not create private rights of action.  Only federal prosecutors, and not private citizens, have authority to initiate federal criminal charges.  *See, e.g.*, *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986).  Plaintiff's claim under 42 U.S.C. § 1985 fails because he has not alleged that a "conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus." *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999).  Similarly, 42 U.S.C. § 1981 is, "by its very terms, limited to acts of racial discrimination," which Plaintiff has not alleged.  *Brady v. Bristol Meyers, Inc.*, 459 F.2d 621, 623 (8th Cir. 1972).   Finally, to state a claim under 42 U.S.C. § 1983, "[a] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  To the extent that Plaintiff alleges that his rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment were violated when "Defendants issued orders against [him] when the case was not in their

jurisdiction," this allegation, without further factual enhancement, is too broad and conclusory to state a constitutional claim. *See Iqbal*, 556 U.S. at 678. In addition, the Court notes that neither the Due Process Clause nor the Equal Protection Clause of the Fourteenth Amendment is violated by the denial of a jury trial in a state court proceeding. *See, e.g.*, *Letendre v. Fugate*, 701 F.2d 1093, 1094 (4th Cir. 1983). Thus, because Plaintiff has not stated a claim under the U.S. Constitution or any federal law, his § 1983 claim likewise must fail.

Lastly, the Court looks to the relief sought by Plaintiff in his complaint and notes that it does not have the power to grant the relief Plaintiff seeks. First, the Court has no jurisdiction to disbar either Judge Willett or Attorney Gadansky. *See Theard v. United States*, 354 U.S. 278, 281(1957) ("The two judicial systems of courts, the state judicatures and the federal judiciary, have autonomous control over the conduct of their officers, among whom. . . lawyers are included."); *In re Baumgartner*, 123 F. App'x 200, 203 (6th Cir. 2005) (recognizing that the state has jurisdiction to disbar an attorney and that the state's power of disbarment cannot be upset by federal review). And, as to Plaintiff's demand that this Court impose "the maximum sentence" on Defendants, the Court states the obvious: this is a civil action and incarceration of Defendants is not available to Plaintiff as relief. In addition, the Court does not have the power to direct that criminal charges be filed against anyone.

For these reasons, the Court concludes that Plaintiff's complaint must also be dismissed for failure to state a claim upon which relief may be granted.

## B. Defendants' Motion for Sanctions

Defendants Willett, Schaefer, and Halbleib also filed a motion for sanctions against Plaintiff since he sued another judge – Judge Willett – in this action. As Defendants note in their brief, in *Flint v. Whalin*, Civil Action No. 3:11CV-316-JGH, by Memorandum Opinion and

6

Order entered June 21, 2011, the late Senior Judge John G. Heyburn II warned Plaintiff that he would be sanctioned if he filed any additional lawsuits in this Court against federal or state judges on the grounds that he believed they were biased against him or improperly oversaw any of his cases.  In another action, *Flint v. McDonald*, Civil Action No. 3:12CV-613-CRS, Senior Judge Charles R. Simpson III, by Memorandum Opinion and Order entered January 18, 2013, held that Plaintiff's suit plainly fell within the terms of Judge Heyburn's warning and imposed sanctions upon Plaintiff in the amount of $700.  Judge Simpson also warned Plaintiff that additional lawsuits on similar grounds would result in further sanctions and the imposition of filing restrictions.  Since then, the Court has sanctioned Plaintiff on multiple occasions for violating Judge Heyburn and Judge Simpson's warnings by filing frivolous lawsuits in this Court against members of the judiciary.  Here, the Court agrees with Defendants that this action also falls within the parameters of those warnings, since Plaintiff has sued another judge for bias.  Thus, the Court will sanction Plaintiff in the amount of $800.00.

The Court further notes that Plaintiff is currently barred from filing any new action in this Court until he has paid the sanctions owed and that, once Plaintiff has paid the amount owed, he still must file a motion to seek permission before filing any new action in this Court.  *See Flint v. Acree*, Civil Action No. 3:15-cv-588-DJH, Memorandum Opinion and Order entered December 18, 2015.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

(1)     The motion to dismiss filed by Defendants Willett, Schaefer, and Halbleib (DN 5), the motion to dismiss filed by Defendant Gadansky (DN 7), and the motion for sanctions filed by Defendants Willett, Schaefer, and Halbleib (DN 6) are **GRANTED**.

(2)     This action is **DISMISSED** for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and **STRICKEN** from the Court's docket.

(3)     All other pending motions (DN 9, 13, 23, 24, 25, 26, 27, 32, 42) are **DENIED** as moot.

(4)     On or before **April 29, 2016**, Plaintiff Edward H. Flint shall pay sanctions in the amount of **$800** for the filing of the instant action, as well as all previously imposed sanctions. Plaintiff shall pay the outstanding sanctions to the Clerk of the Court, U.S. District Court for the Western District of Kentucky, 601 W. Broadway, Louisville, Kentucky 40202.  **Plaintiff is WARNED that failure to timely pay all outstanding financial sanctions may subject him to additional sanctions and restrictions.**

(5)     Plaintiff is **BARRED** from filing any new action in this Court until he has paid the $800 sanction imposed in this case; the $800 sanction imposed in *Flint v. Acree*, Civil Action No. 3:15-cv-588-DJH; the $800 sanction imposed in *Flint v. Burkman*, Civil Action No. 3:15-cv-439-JHM; the $800 sanction imposed in *Flint v. McKinley*, Civil Action No. 4:15-cv-130-GNS; the $700 sanction previously imposed in *Flint v. McDonald*, Civil Action No. 3:12-cv-613-CRS; and any other sanctions imposed by this Court.  The Clerk of Court is **DIRECTED** not to accept for filing any future lawsuits by Plaintiff until he pays all sanctions imposed on him by this Court in any action.

8

(6)     The following prefiling restriction shall continue upon Plaintiff Edward H. Flint,

to begin following his full payment of all sanctions imposed upon him by this Court:

> **Edward H. Flint shall file a motion seeking permission from the Court before filing any new action in this Court. Flint's motion shall demonstrate that the claim or claims he intends to assert are not frivolous and that the suit is not brought for an improper purpose.  He must attach his proposed complaint to the motion.**

(7)     There being no just reason for delay in its entry, this is a **FINAL ORDER**.

March 2, 2016

**David J. Hale, Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Counsel of Record
4415.011

9